## STEWART *v.* HOUSTON.

SALE ON EXECUTION—*attachment—sheriff's return.*    No bond is required to be filed with a justice of the peace before an attachment may issue.

Where a sheriff's return has been amended in the court below, the original constitutes no part of the record in this court, if there was no order of the court directing it to be made part of the record.

The party reading the amended return in support of his motion, in the court below, waives all exception to the defective original.

A constable's return to an attachment is conclusive against the defendant. If it be not true, the remedy is by an action for a false return.

Where the sheriff's return, in case of a sale, omits to set forth the manner of advertising, or that the sale was made between the hours prescribed by law, neither the sale nor the purchaser's rights are thereby impaired.

LEGAL PRESUMPTION.    The law presumes that every man, in his private official character, *does* his duty.

*Appeal from Lawrence Circuit Court.*

Hon. L. L. MACK, Circuit Judge.

BYERS & COX and GARLAND & NASH, for appellants.

If the proceedings before the justice were irregular, he having jurisdiction of the account and of the property attached, they were not void, but amendable, and the court will consider them as amended, whenever the question arises collaterally; and they should be so considered, so far as this proceeding was against the appellant, as he was a stranger to the suit. 5 *N. C.*, 24; 1 *Serg. and Rawle*, 97; 5 *Yerg.*, 443; 3 *Murphy*, 128; 3 *Dev.*, 284, *ib.*, 151; 5 *N. C.*, 421; *Coleman's Cases*, 55; 5 *Wend.*, 503.

Courts favor judicial and final process. 9 *Mass.*, 217; 10 *Mass.*, 221; 11 *ib.*, 89; 13 *Pick.*, 90; 14 *Pick.*, 212; 2 *Brock.*, 14; *Whiting & Slack v. Beebe, et al.*, 12 *Ark.*, 535; 5 *Wend.*, 103; 4 *Cow. Rep.*, 550; 3 *Green.*, 29; 1 *Iredell*, 34. This point was fully considered by this court in the case of *Whiting & Slack v. Beebe, et al.*, 12 *Ark.*, 535 to 538.

The only questions which can arise between the appellant and the appellee are, *the power in the sheriff to sell, and fraud in the appellant. Whiting & Slack v. Beebe, et al.*, 12 *Ark.*, 554; *United States v. Arredondo*, 6 *Peters Rep.*, 729; *Vorhees v. The Bank of the U. S.*, 10 *Pet.*, 478.

There was no pretense of any fraud or misconduct of the appellant; but it appears conclusive that he was a stranger to the proceedings before the justice and in the circuit court, and that he was an innocent purchaser for a valuable consideration, and without any notice of any irregularity or illegality in the proceedings whatever.

The only question, then, is, *had the sheriff power to sell the property in dispute?*

The judgment and return of the constable are evidence of the liability of the property for the payment of the judgment; and the execution is evidence of the sheriff's general authority to sell the property. The truth is, the sheriff derives his power, not from the statute, but from the judgment and execution. *Minor v. Selectmen of Natchez*, 4 *S. & M.*, 631; *Adamson, et al.*,

*v. Cummins, admr.,* 10 *Ark.,* 545; *Whiting & Slack v. Beebe, et al.,* 12 *Ark.,* 554.

Harrison, J.

This was a proceeding, by motion, in the circuit court, to set aside and vacate a sheriff's sale of a house and lot, attached in a suit before a justice of the peace.

A transcript of the justice's judgment, which was by default upon notice by publication, was filed in the office of the clerk of the circuit court, and entered in the docket of common law judgments; and the plaintiff having executed to the defendant the bond required by section 41, of chapter 17, of the *Digest,* an execution was issued out of that court, directed to the sheriff, and the property attached was levied upon and sold, and Champ. T. Stewart became the purchaser.

At the same term at which the sale was made, Samuel Houston, the defendant in the suit, filed a motion to set it aside and vacate it. Stewart was notified of the proceeding, and appeared and resisted it.

The court sustained the motion, and Stewart excepted and appealed.

The following are the grounds of the motion: 1. That no bond was filed with the justice before the issuance of the writ of attachment. 2. That it did not appear from the constable's return that the defendant had no personal property upon which to levy the writ. 3. That the defendant had sufficient personal property in the township to secure the debt, which the constable, by proper diligence, might have found. 4. That the sheriff's return did not show the manner of advertising the sale, or that it was made between the hours prescribed by law.

The first ground is wholly untenable. The statute, upon the subject of attachments before justices of the peace, requires no bond of any kind to be filed before commencing the suit, and none is necessary.

The second is shown by the record to be untrue. The return, which is made part of the record by Stewart's bill of excep-

tions, affirmatively and distinctly states that the defendant
had no personal property within the township.

We find in the transcript, however, what purports to be a
bill of exceptions, reserved by Houston, from which it appears
that the court, at the instance of Stewart, against his objections,
permitted the constable to come into court, and, in its presence,
amend the return; but it sets out neither the original return
nor the alleged amendment, and were it not wholly unavail-
able as such, by thus failing to show what the amendment con-
sisted in, and to designate and point out with sufficient cer-
tainty the alleged error of the court below, to enable this court
to determine whether he has been deprived of any legal right,
there was no order of the court directing it to be filed and
made part of the record in the proceeding, and it therefore
constitutes no part of it.   See *sections* 6 *and* 9, *chap.* 50, *Digest,*
*and sections* 107, 108, *chap.* 103, *ib.*; *Lenox v. Pike,* 2 *Ark.,* 14;
*Lawson v. Hayden,* 13 *Ark.,* 316.

But, again, if it were properly part of the record, and other-
wise sufficient as a bill of exceptions, he abandoned and waived
his exception, by reading, as appears by Stewart's bill of ex-
ceptions, the return, as amended, in support of his motion.

No proof was produced, nor could any have been admitted,
to sustain the third ground, as the constable's return is conclu-
sive against the defendant.   If it be not true, his remedy is by
action against the constable for a false return.

The fourth, and remaining ground, "that the sheriff's re-
turn did not set forth the manner of advertising the sale, or
state that it was made between the hours prescribed by law,"
though shown by an examination of the return to be true, can
not affect the sale, or impair the purchaser's rights under it.
Because the sheriff omitted to state in his return such facts as
show affirmatively that the sale was advertised in the manner
and made between the hours prescribed by the statute, no im-
plication arises from such omission against the regularity of
his proceedings; but, on the contrary, the law presumes that
he did his duty in the premises, and that every thing required

To be done by him, was done, which presumption holds good until the contrary is made to appear. The law presumes that every man, in his private and in his official character, does his duty, until the contrary is proved. 1 *Phill. on Ev.*, 642; *Rex v. Stockton*, 5 *B. & Adol.*, 546; *Bank of the United States v. Dandridge*, 12 *Wheat.*, 69.

The judgment of the circuit court is reversed, and the case remanded, with instruction to overrule the motion.